NOT DESIGNATED FOR PUBLICATION

No. 112,237

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NIGEL FINLINSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed March 11, 2016. Affirmed.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Amanda Faber*, legal intern, *Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ARNOLD-BURGER, JJ.

*Per Curiam*:  Nigel Finlinson appeals the denial of his motion to withdraw his plea to the charge of aggravated robbery. He claims the district court erred by denying his motion because his plea was not fairly or understandingly made.

This case arose when Finlinson, Giorgio Rock, and Christopher Rollins decided to rob a convenience store. Finlinson and Rock went into the store armed with BB guns. Rollins waited outside. After pointing his BB gun at the store clerk, Rock went under the store counter, opened the cash register, took money from the cash register, and placed the

1

money in his bag. Finlinson stood watch, keeping his hand on the BB gun stuffed in the waistband of his pants. After Rock took the money, he turned and pointed his BB gun back at the clerk. In the meantime, the clerk had picked up a handgun located under the counter. As Rock walked towards the clerk, the clerk raised the gun and shot and killed Rock.

Finlinson and Rollins fled but were later arrested. Finlinson confessed to participating in the robbery. He told the police that if Rock had made it out of the store with the money, he would have received a cut. The store surveillance video showed Finlinson standing guard as Rock took money from the cash register. The State charged Finlinson with aggravated robbery, a severity level 3 person felony, in violation of K.S.A. 2015 Supp. 21-5420(b)(1). Attorney Gary Owens was appointed to represent Finlinson.

After waiving his preliminary hearing, Finlinson entered into a plea agreement in which he agreed to plead guilty to aggravated robbery in exchange of the State's agreement to recommend that he receive the presumptive low-number sentence on the grid. The plea agreement also allowed Finlinson to move for a dispositional and durational departure. Along with the plea agreement, Finlinson signed a "Defendant's Acknowledgement of Rights and Entry of Plea" form in which he acknowledged: (1) he could be sentenced anywhere from 55 to 247 months in prison depending upon his criminal history score; (2) the sentencing judge was not bound to follow the plea agreement; (3) "[u]nder some circumstances, the court may depart from the presumptive sentence"; (4) he discussed potential defenses with his attorney; (5) he was satisfied with his attorney's advice and help; and (6) he read and understood the acknowledgement form.

At his plea hearing Finlinson pled guilty to aggravated robbery. During the plea colloquy, Finlinson stated that no one had promised, threatened, or coerced him into entering his plea. He stated that he was satisfied with his counsel and that he had no

questions about his plea. He confirmed that he understood the sentencing judge may grant him a departure or sentence him to the presumptive sentence. He also told the court that during the robbery, Rock took money out of the cash register. The court accepted Finlinson's guilty plea.

Before sentencing, Finlinson moved for a durational and dispositional departure which the court denied. The court sentenced him to 68 months' imprisonment followed by 36 months' postrelease supervision.

After sentencing, Finlinson moved to withdraw his plea, arguing that his plea was not knowingly made because neither the State nor Owens told him that he could have been charged with attempted aggravated robbery as opposed to aggravated robbery. Finlinson asserted that because he never took money from the store clerk, he did not complete the crime of aggravated robbery.

The court held an evidentiary hearing on Finlinson's motion. Finlinson testified that he told Owens that he had not completed the crime of aggravated robbery, but Owens responded that this argument did not matter. On cross-examination, Finlinson admitted that Rock had taken money from the register and put it in his bag. According to Finlinson, he and Owens discussed the aggravated robbery charge and the possibility that the State might charge him with felony murder but they never discussed other charges.

Finlinson said he believed he would receive a 31-month prison sentence because Owens told him the way the plea is set up, he "would receive 31 months if [he] entered this downward departure and dispositional departure." But he admitted telling the court at his plea hearing that nobody made him any promises regarding his sentence.

Owens testified that he did not recall Finlinson telling him that he should have been charged with attempted aggravated robbery. Owens testified that he explained to

3

Finlinson that under the theory of aiding and abetting, the store surveillance video proved that Finlinson was guilty of aggravated robbery. Owens never considered the possibility that Finlinson should have been charged with attempted aggravated robbery because nobody disputed that Rock obtained possession of the money. Moreover, Owens said he did not promise that the district court would grant the departure motion.

Believing the testimony of Owens over that of Finlinson, the district court denied Finlinson's motion. The court concluded that Finlinson had not established manifest injustice to withdraw his plea because: (1) Finlinson had committed an aggravated robbery, not an attempted aggravated robbery; and (2) Owens had merely discussed the possibility of, but never promised, a 31-month prison sentence. Finlinson appeals.

K.S.A. 2015 Supp. 22-3210(d)(2) permits the court after sentencing to set aside a conviction and permit a defendant to withdraw a plea upon a showing of manifest injustice. Manifest injustice exists when something is "obviously unfair or shocking to the conscience." *State v. Barahona*, 35 Kan. App. 2d 605, 608-09, 132 P.3d 959 (2006). When considering whether a defendant established manifest injustice, the district court considers the *Edgar* factors: "(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *State v. Lackey*, 45 Kan. App. 2d 257, 266, 246 P.3d 998 (2011).

A district court's decision on a motion to withdraw a plea is a matter of judicial discretion. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). An abuse of discretion occurs when a judicial action is unreasonable, based on an error of law, or based on an error of fact. *State v. Macias-Medina*, 293 Kan. 833, 836, 268 P.3d 1201 (2012). The defendant bears the burden of establishing an abuse of discretion. *Fritz,* 299 Kan. at 154. In considering the issue, we do not "reweigh evidence or assess witness credibility," but give deference to the district court's factual findings so long as they are supported by

4

substantial competent evidence. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

Finlinson argues that his plea was not fairly or understandingly made and he was unfairly taken advantage of because he should have been charged with attempted aggravated robbery instead of aggravated robbery. Setting aside the issue of prosecutorial discretion in charging decisions, Finlinson's argument relies on the assumption that Rock did not "take" the money, as required to commit an aggravated robbery under K.S.A. 2015 Supp. 21-5420(a)-(b)(1).

Under K.S.A. 2015 Supp. 21-5420(a), a robbery occurs when a person "knowingly tak[es] property from the person or presence of another by force or by threat of bodily harm to any person." When "armed with a dangerous weapon," the crime becomes an aggravated robbery. K.S.A. 2015 Supp. 21-5420(b)(1). Under the theory of aiding and abetting, "[a] person is criminally responsible for a crime committed by another" if that person has the necessary mental culpability and intentionally aides in the commission of the crime. K.S.A. 2015 Supp. 21-5210(a).

Here, Rock took complete possession of the money by placing the money in his bag. Though Rock possessed the money only momentarily, his possession was complete and absolute. Further, "[a]sportation is not required to complete a taking." *State v. Brown*, 300 Kan. 541, 557, 331 P.3d 781 (2014). So it does not matter that the money never left the store. As Rock's aider and abettor, Finlinson intended that they rob the store and he participated in and acted in furtherance of the enterprise. Finlinson committed the completed crime of aggravated robbery.

Finlinson briefly asserts that his plea was not understandingly made because Owens failed to advise him of "what he could and could not be charged with." But Owens testified that he explained to Finlinson why he believed that he was guilty of a

5

completed aggravated robbery. Finlinson testified that he remembered discussing with Owens the possibility of the State charging him with felony murder. Thus, this argument fails.

Next, Finlinson argues that his plea was not understandingly made because he believed that he was going to receive a 31-month prison sentence. But in the acknowledgement of rights and plea form and at his plea hearing, Finlinson recognized that he could receive a prison sentence from 55 months to 247 months. He also acknowledged that the district court *may* grant any departure motion. Owens testified that he never promised Finlinson a 31-month prison sentence. Based on this evidence, the district court did not abuse its discretion by ruling that Finlinson understood that he was not guaranteed a 31-month prison sentence.

Finally, Finlinson contends, without explanation or exposition, that he should be able to withdraw plea because Owens did not properly inform him about "lesser degrees of the crime with which he was charged, or the various defenses that might be available to him." Points raised incidentally in a brief and not argued therein are deemed abandoned. *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013). Further, Finlinson never made this argument before the district court, so it cannot be raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Although there are exceptions to this general rule, Finlinson has not argued that any exception applies. Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires that an appellant explain why an issue not raised below should be considered for the first time on appeal. Appellants who fail to comply with this rule risk a ruling that the issue is improperly briefed and abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Finlinson has abandoned this argument on appeal.

Affirmed.